

FILED
IN OPEN COURT

OCT 19 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 2:16cr 141 |
| | ) |
| WILLIAM GUS HART, | ) 21 U.S.C. § 846 |
| a/k/a "Billy," | ) Conspiracy to Distribute and Possess with |
| | ) Intent to Distribute Methamphetamine |
| *Defendant.* | ) (Count 1) |
| | ) |
| | ) 21 U.S.C. § 841(a)(1) |
| | ) Distribute and Possess with Intent to |
| | ) Distribute Methamphetamine |
| | ) (Counts 2 and 3) |
| | ) |
| | ) 21 U.S.C. § 853 |
| | ) Forfeiture Allegation |
| | ) |

## INDICTMENT

October 2016 Term - at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

### COUNT ONE

From in or about October 2015 and continuing thereafter until on or about July 28, 2016, in the Eastern District of Virginia and elsewhere, the defendant, WILLIAM GUS HART, a/k/a "Billy," did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with other persons, both known and unknown, to commit one or more of the following offenses:

    1.    To unlawfully, knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

The objectives of the conspiracy were making money through the distribution of methamphetamine and obtaining methamphetamine for personal consumption. In furtherance of the conspiracy, the following overt acts, among others, were committed in the Eastern District of Virginia.

1. On or about June 30, 2016, at Virginia Beach, in the Eastern District of Virginia, WILLIAM GUS HART, a/k/a "Billy," sold approximately five (5) grams of methamphetamine to an individual.

2. On or about July 28, 2016, at Virginia Beach, in the Eastern District of Virginia, WILLIAM GUS HART, a/k/a "Billy," possessed approximately 21.51 grams of methamphetamine with intent to distribute, marihuana, pills, drug paraphernalia, various smoking devices, approximately $5,246 in cash, a loaded 9mm semi-automatic pistol, multiple 9mm magazines and a box of 9mm ammunition at a residence on Royal Haven Crest.

(All in violation of Title 21, United States Code, Section 846.)

## COUNT TWO

On or about June 30, 2016, at Virginia Beach, in the Eastern District of Virginia, the defendant, WILLIAM GUS HART, a/k/a "Billy," did unlawfully, knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).)

## COUNT THREE

On or about July 28, 2016, at Virginia Beach, in the Eastern District of Virginia, the defendant, WILLIAM GUS HART, a/k/a "Billy," did unlawfully, knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).)

## FORFEITURE ALLEGATION

THE GRAND JURY FURTHER ALLEGES AND FINDS PROBABLE CAUSE THAT:

1. The defendant, WILLIAM GUS HART, a/k/a "Billy," if convicted of any of the violations alleged in this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

   a. Any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violation;

   b. Any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation; and

   c. Any firearm or ammunition used in or involved in the violation.

2. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

(All in accordance with Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

*United States v. William Gus Hart, a/k/a "Billy"*
Criminal No. 2:16cr |4|

A TRUE BILL:

_____Redacted_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____[signature]_____
Darryl J. Mitchell
Assistant United States Attorney
Virginia Bar No. 37411
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - darryl.mitchell@usdoj.gov